Court of Criminal Appeals    PD-0103-15

Re: Jimmy Johnson T.D.C. # 727145

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 23 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JUN 23 2015

Abel Acosta, Clerk

COA # 05-14-01453-CR

Pd # 0103-15

Trial Cause # F-95-72894-HV

Amended Motion For leave to File For ~~Brief~~
Failure of Appellant to File Brief in Rule 38.8(b)
And C.C.P. Article 44.33(b)

To the Honorable Judge of Said Court:
     The Appellant Jimmy Johnson Argue and offer into
Evidence an Objection Court of Criminal Appeals clerk
Refusing Petition For Discretionary Review and denying
Amended Motion For leave to File Mandate was Abuse
of discretion and Request For Permission to Appeal
For Failure of Appellant to File Brief in Rule 38.8(b)
And Article 44.33 (b) See Motion to File For A stay
Motion to File For Reconsideration to Extend Time in
Rule 10.5 (b) And Motion For Rehearing to File to
Court of Appeals 5th District of Texas At Dallas
For Further Review to Reverse And Remand For A
New Trial See Rule 38.1(e) Appellant Brief, Rule
38.1 (F) And (g) Statement of Facts Also Summary of
the Argument, Rule 38.2 (b) Cross Point, Rule
38.3 Reply Brief, Rule 38.4 length of Brief,
Rule 38.5 Appendix For Cases Recorded Electronically
Time to File Brief in Rule 38.6 (b) See Also Rule 9,
Rule 38.7 For Amendment or Supplementation,
Rule 38.8 (b) 1, 2, 3, 4, Rule 38.9 (a)(b) Briefing Rules
to be Construed Liberally See Also Rule 37.3 (c)

(1)

The Appellant Johnson argue that I am disabable at age of 69 year old and indigent and filing my brief pro-se has cause harm by abusing the court on due process of law to receive the relief that I am entitled to, and request for appointment of counsel see C.C.P. Article 26.04© to conduct an Oral Argument see Scott vs State 80 S.W. 3d. At 184 and Rule 20.2, on request to have the Appellate Record furnish on request for Enforcement of Judgment After Mandate in Rule 51.2 (b) 2 (D) See Article 44.29 For Judgment of Acquittal in Rule 51.2 (d) see Also C.C.P. Article 44.05 and C.C.P. Article 23.01. The Appellant Johnson argue and request for finding of facts and conclusion of law Against A Preponderance of Newly discovered Evidence demonstrates that but for A Violation of the United States constitutional, no rational Juror would have convicted me of A 1st degree Murder and Receive an illegal and void life sentence when the state never possed the murder weapon namely A Gun was cited in the indictment, my trial counsel failed to file A Motion For Forensic D.N.A. Ballistic Finger Prints on the State Exhibit, failed to file A Motion to Suppress Evidence, failed to file Motion to Quash An Fundamental defective indictment Allowed the Jury to find me Guilty unlawfully because my trial counsel failed to object to the Jury charge would have been Grounds for A new trial to prove my innocence and that I am unlawfully restrained And in Article 36.19 Not beyond A Reasonable doubt standard of Rule 44.2 (a) is the Appropriate standard of harmless Error Review For an unobjected to error in the trial court's charge that was claimed to violate A constitutional provision see

(2)

Jiminez vs State 32 S.W. 3d at 233. In texas, the criminal law that corresponds to unpreserved error is called plain error or fundamental error. the court explained that fundamental error in Jury charges is reviewed pursuant to Article 36.19 not Rule 44.2 (a). the egregious harm test is proper standard for review when, without objection, A Jury charge includes A defensive issue but fails to contain the defensive issue in the application paragraph. State vs Barrera 982 S.W. 2d. at 445, the court decided that review of the Jury charge error in Barrera was controlled by Article 36.19 and Almanza 686 S.W. 2d at 157. Under Almanza A defendant who complains on Appeal of an unobjected to error in the charge is entitled to reversal only when the record reveal that my Appellate counsel failed to raise Ineffective assistance of my trial counsel failure to object to the Jury instruction this violated my 6th and 14th amendment Rights to due process of law and enter into Evidence against my Appellate counsel filing A frivolous Appeal and also object to Court of Appeals 5th District of texas at Dallas Affirming my Direct Appeal was Abuse of discretion in Case # 05-95-01249-CR and the Appellant Johnson is entitled to one Appeal as of Right as mandated by the Supreme court of the United States see Douglas vs California 372 U.S. 353, 83 S.Ct. 814, 9, L.Ed. 2d. 811 (1963) further the 6th and 14th Amendment of the United States constitution mandate the Appellant Johnson received effective Assistance of counsel on my 1st Appeal as a Right, and that,

(3)

should AN APPEAL be dismissed for Failure to comply with A State Appellate Rules, Such APPEAL must be Remand to the State Court of APPEALS For A Full hearing of the merits of the APPEAL see Evitts vs lacey 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d. 821 (1986) When Neither harm standard set out in Article 36.19 (As construed by Almanza vs State 686 S.W. 2d. At 157 APPlies unless AN Appellate court First Finds in Jury charges. Posey vs State 966 S.W. 2d. At 57, Neither Article 36.19 NOR Almanza APPLY in determining whether there was AN ERROR in the Jury CHARGe, this is because neither harm standard to Jury charge ERROR set out in Article 36.19, Tex. R. Evid. 606 As construed by Almanza, APPlies unless the Record First shows, that Any Requirement of various Statutory Provision Reference in Article 36.19 has Been disregarded, this defines the ERROR For Purpose of ALMANZA. Posey 966 S.W. 2d. At 60 Also See Hutch vs State 922 S.W. 2d. At 166 and the sufficiency of the evidence should not be by the Jury charge. Malik vs State 953 S.W. 2d. At 234, Blanco vs State 962 S.W. 2d. At 46. The MALIK decision overRuled the Benson-Boozer line of cases Benson vs State 661 S.W. 2d At 708 cert. denied 467 U.S. 1219 (1984) and Boozer vs State 717 S.W. S.W. 2d. At 608. The Harmless ERROR Rule in ART. 36.19 APPlies to Appellate Review of ERRORs in Failing to require A Jury INSTRuction concerning evidence OBtained in violation of the law under Art. 38.23 Atkinson vs State 923 S.W. 2d At 21 and that NO Reasonable Jury would have convicted me Beyond A Reasonable doubt, because I Am innocence and unlawfully

(4)

Continued see Tex. R. Evid. 606 Against Jury Misconduct See Rule 21.3 an deciding A verdict unfairly, Receiving other evidence, unauthorized, conversation while deliberating And denying the defendant A fair and impartial trial when my trial counsel Failed to File A Motion for A Pretrial hearing, Motion to Suppress Evidence W Tex.R.Evid. 101, Failed to File Motion to Quash indictment, Failed to Subpoena Material Witnesses because I was denied my 6th and 14th Amendment Rights to A Fair trial, From Prosecutorial misconduct 373 U.S. 83 (1963) because the Prosecutor held Back Favorable evidence that would have Proven my innocence and has an AFFIRMATIVE duty to turn over exculpatory and impeachment evidence see Motion to set Aside and Quash an Fundamental defective indictment Against Motion to File for Arrest of Judgment Requires A showing that counsels Representation Fell Below an Objective standard of Reasonableness and that there deficient Performance Prejudice, the defense to the degree that there is A Reasonable Probability that but for the attorneys deficiency, the Result of my trial and Appeal would have Been different. A Motion to Suppress Evidence, A Motion to File for A Pretrial hearing would have Been Granted Against A Motion to Quash indictment in order to satisfy strickland, unless there is A Showing that A Pretrial Motion had merit and that A Ruling on the Motion would have change the outcome of my case See Jackson US Virginia 443 U.S. 307, 319, 61 S. Ct. L. Ed. 2d. 560 (1979). In determining whether an improper comment merits Reversal in Rule 44.2 (b) the court must look at the severity of the misconduct, the Magnitude

(5)

of the Prejudicial effect of the Prosecutor's Remarks, measure Adopted to cure the misconduct (the efficacy of any cautionary instruction by the Judge) the certainty of conviction without the misconduct (the strength of the evidence see Mosley v.s. State 983 S.W. 2d. At 249 and Cifuentes v.s. State 983 S.W. 2d. At 891, when the evidence was unknown to Petitioner before trial, the defendant's failure to discover it was not due to want of diligence on my Part, it materiality was such, as would Probably bring about A different Result in Another trial and it was competent, not merely cumulative, corrohorative, collateral or impaching, because I am entitled to A new trial by clear and convincing evidence, on Request to Reverse and Remand for Further Proceeding see C.C.P. Article 44.29 Effect on Reversal.

6-19-2015
DATE

Jimmy Johnson
Appellant Signature

Certificate of Service Rule 9.5
Rule 2 Suspension of Rules

the Appellant Jimmy Johnson velify the statement made in this Amended Affidavit of inability to Pay court costs and initial Filing Fees without Prejudgment of Fees for Failure of Appellant to File Brief in Rule 38.8(b) and C.C.P. Article 44.33(b) is true and correct under the Penalty of Perjury see 28 U.S.C. #1746 for Purpose of Mail Box Rule 4(c)1,2,3(d) for the original and Copies of Records in Rule 9.3(b), Rule 34.5(a)1), Rule 34.6(c)(4) Rule 35.2(c), Rule 35.3(b)3) and Rule 37.3(c) for Service in Local Rule 10,11,12(a) for benefits.

6-19-2015
DATE

Jimmy Johnson
Appellant Signature

(6)